IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Ralph Edward Smith,                     )
                                        )      C/A No. 8:13-919-TMC-JDA
                 Petitioner,            )
                                        )
        v.                              )              **ORDER**
                                        )
                                        )
Kenny Atkins, Warden,                   )
                                        )
                 Respondent.            )


        Petitioner, a federal prisoner proceeding *pro se*, filed this habeas petition

pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed by the United

States District Court for the Eastern District of North Carolina. In accordance with 28

U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings

were referred to a Magistrate Judge.  This matter is before the court for review of the

Report and Recommendation ("Report") of the United States Magistrate Judge

Jacquelyn D. Austin, filed April 23, 2013, recommending that Petitioner's petition be

dismissed. (ECF No. 10.) The Magistrate Judge provided Petitioner a notice advising

him of his right to file objections to the Report. (ECF No. 10 at 5.) Petitioner filed

objections to the Magistrate Judge's Report on May 28, 2013. (ECF No. 18.)[1]

        The Magistrate Judge recommended that the Petitioner's petition be dismissed

because Petitioner improperly filed it pursuant to 28 U.S.C. § 2241.  As noted above,

Plaintiff filed objections to the Report, which the Court has carefully reviewed.

_____

        [1]The Magistrate Judge makes only a recommendation to the court. The
recommendation has no presumptive weight. The responsibility to make a final
determination remains with the court. *Matthews v. Webber*, 423 U.S. 261, 270-71
(1976). The court is charged with making a *de novo* determination of those portions of
the Report to which specific objections are made, and the court may accept, reject, or
modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit
the matter with instructions. 28 U.S.C. § 636(b)(1).

Although Petitioner filed the current petition pursuant to § 2241, he is attacking the legality, rather than the execution, of his sentence. Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). As Petitioner has not demonstrated that § 2255 is an "inadequate or ineffective" remedy, he may not proceed on his claim under § 2241. *See* 28 U.S.C. § 2255(h)(1); *United States v. Poole,* 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor.").

Further, because Petitioner has not previously filed a § 2255 motion, the court may convert the instant petition into a § 2255 motion. *See Castro v. United States,* 540 U.S. 375, 377 (2003). However, a court cannot recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.*

The court has determined that the instant petition should be converted to a § 2255 motion. Accordingly, Petitioner has until June 26, 2013, to express his consent to the conversion or to withdraw or amend his petition. *See Castro*, 530 U.S. at 383. The court also informs Petitioner that second or successive motions under § 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. *See* 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. Furthermore, any conversion to a §

2255 motion will require the court to transfer the motion to "the court which imposed the sentence . . . ." *See* 28 U.S.C. § 2255(a).

The court further informs the Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 provides that § 2255 motions have a one-year limitation period, but expresses no opinion as to whether the sentencing court would conclude that a § 2255 motion should be dismissed as time-barred in this instance. 28 U.S.C. § 2255(f).

After a thorough review of the Report and Recommendation and the record in this case, the court declines to adopt the Report. Instead, the court hereby notifies Petitioner of its intent to recharacterize the petition as a § 2255 motion. Petitioner is directed to file a response to this Order by June 26, 2013, indicating whether he consents to having this § 2241 petition converted to a § 2255 motion and transferred to the sentencing court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 11, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.